J-S04044-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JONATHAN COLE | : | |
| | : | |
| Appellant | : | No. 1214 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 10, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0001202-2017

BEFORE:   SHOGAN, J., OTT, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                     **FILED MARCH 01, 2019**

Appellant Jonathan Cole appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County after Appellant pled guilty to Possession of a Firearm Prohibited (18 Pa.C.S.A. § 6105(a)(1)).  Appellant's counsel has filed a petition seeking to withdraw his representation, as well as a brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "**Anders** brief").  After careful review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

In May 2017, Appellant was charged with Receiving Stolen Property, Possession of a Firearm Prohibited, and Conspiracy to Commit Theft by Unlawful Taking.  On April 23, 2018, Appellant pled guilty to Possession of a Firearm Prohibited.  On July 10, 2018, the lower court sentenced Appellant to thirty to sixty months' incarceration in a State Correctional Facility (SCI).

_____
*   Former Justice specially assigned to the Superior Court.

Appellant filed a timely notice of appeal and complied with the lower court's direction to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b).

As an initial matter, we must evaluate Counsel's petition to withdraw. "When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted). To withdraw on appeal, Counsel must satisfy the following procedural and briefing requirements:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted).

We further review Counsel's *Anders* brief for compliance with the requirements set forth in *Santiago*, *supra*.

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

602 Pa. at 178-79, 978 A.2d at 361.

Counsel also must provide the appellant with a copy of the *Anders* Brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In the *Anders* brief and petition to withdraw, Counsel provides a summary of the facts and procedural history of the case, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states his reasoning and conclusion that the appeal is wholly frivolous. Counsel also attached a copy of his letter in which he advised Appellant of his right to proceed pro se or with the assistance of privately retained counsel.

Accordingly, Counsel has substantially complied with all of the technical requirements of *Anders* and *Santiago*. Therefore, we proceed to examine the issue Counsel identified in the *Anders* brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

Appellant's sole claim is that the trial court abused its discretion in failing to allow Appellant into the county intermediate punishment program (IPP). This Court has held that "the grant or denial of a defendant's request for IPP is largely within the sound discretion of the trial court." ***Commonwealth v. Williams,*** 941 A.2d 14, 24 (Pa.Super. 2008) (citation omitted).

We note that Appellant did not object at sentencing to the discretionary aspects of his sentence or in a post-sentence motion. "[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Conte***, ___A.3d___, 2018 PA Super 299 (Nov. 1, 2018) (citing ***Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa.Super. 2005)). ***See*** Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Accordingly, this issue is waived on appeal.

After examining the issue contained in the ***Anders*** brief, we concur with Counsel's assessment that the appeal is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no non-frivolous issues to be raised on appeal." ***Yorgey***, 188 A.3d at 1195. Thus, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>03/01/2019</u>